# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**PETER A. OKAIWELE and EUNICE I. OKAIWELE,**

      **Plaintiffs,**

**v.**                                                              **Case No:   6:14-cv-1359-Orl-31TBS**

**UNITED STATES OF AMERICA, UNITED STATES ATTORNEY GENERAL, SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY, UNITED STATES SECRETARY OF STATE and CONSUL GENERAL OF THE UNITED STATES, CITY OF LAGOS, NIGERIA,**

      **Defendants.**

## ORDER

This matter comes before the Court without a hearing on the Motion to Dismiss (Doc. 7) filed by the Defendants, the Response in Opposition (Doc. 8) filed by the Plaintiffs, and the Reply (Doc. 11) filed by the Defendants.

Plaintiff Peter Okaiwele, who was born in Nigeria, is a naturalized citizen of the United States.  His daughter, Eunice Okaiwele, is a citizen of Nigeria and resides in that country.[1]  Peter Okaiwele filed an immigrant visa application on behalf of his daughter with United States Citizenship and Immigration Services ("USCIS").  USCIS approved the application, but it was

---

[1] The Defendants argue that Eunice Okaiwele lacks standing to challenge the denial of her visa application.  The Defendants are correct.  *See Kleindienst v. Mandel*, 408 U.S. 753, 762 (1972) ("It is clear that Mandel personally, as an unadmitted and nonresident alien, had no constitutional right of entry to this country as a nonimmigrant or otherwise.").

subsequently denied by the United States Consulate in Lagos, Nigeria on the grounds that Eunice Okaiwele had made a material misrepresentation as to her marital status.[2] The Okaiweles contend that, although Eunice subsequently married, she had not been married prior to the time the consulate rejected her visa application.[3]

On August 22, 2014, the Okaiweles filed the instant suit, claiming a violation of Peter Okaiwele's rights under the Due Process Clause of the United States Constitution and seeking a declaration that Eunice Okaiwele is not inadmissible to the United States. (Doc. 1 at 12-13). The Okaiweles also argued that the determination that Eunice Okaiwele is inadmissible was not done in conformity with the requirements of the Administrative Procedures Act. (Doc. 1 at 13).

The Defendants argue that the doctrine of consular nonreviewability precludes an exercise of subject matter jurisdiction in the instant case. This doctrine "holds that a consular official's decision to issue or withhold a visa is not subject to judicial review, at least unless Congress says otherwise." *De Castro v. Fairman*, 164 Fed. Appx. 930, 932 (11th Cir. 2006) (citing *Saavedra Bruno v. Albright*, 197 F.3d 1153, 1159 (D.C.Cir. 1999)).

The Okaiweles contend that the doctrine of consular nonreviewability does not bar review here because Peter Okaiwele's due process rights are at issue. More particularly, the Plaintiffs argue that Peter Okaiwele's freedom of personal choice in matters of family life has been infringed upon, and this Court can exercise jurisdiction to address that infringement. However,

---

[2] Unmarried adult children of citizens are given preferences for visas over married adult children of citizens. *Compare* 8 U.S.C. § 1153(a)(1) *with* 8 U.S.C. § 1153(a)(3).

[3] Aliens who seek to procure a visa by willfully misrepresenting a material fact are ineligible to receive visas or to be admitted to the United States. 8 U.S.C. § 1182(a)(6)(C)(i). While disputing that any misrepresentation was made, the Okaiweles do not dispute that a misrepresentation as to Eunice's marital status would have qualified as "material" under the facts of this case.

the Plaintiffs have not cited to any Eleventh Circuit case recognizing an exception to the doctrine of consular nonreviewability for cases involving assertions of violations of constitutional rights. Even if such an exception existed, it would not apply here, as no court has recognized a due process right on the part of an adult to maintain a relationship with his or her adult child.  *See Al-Aulqi v. Obama*, 727 F.Supp.2d 1, 26 (D.D.C. 2010) (citing cases).   In consideration of the foregoing, it is hereby

**ORDERED** that the Motion to Dismiss (Doc. 7) is **GRANTED**.   Eunice Okaiwele is **DISMISSED** from this case for lack of standing, and this case is **DISMISSED** for lack of subject matter jurisdiction.   The Clerk is directed to close the file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on February 23, 2015.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party